UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNOLD S. PETERS,

    Plaintiff,　　　　　　　　　　　　　No. C 08-5022 PJH

**ORDER DISMISSING COMPLAINT**

    v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

_____/

    On November 4, 2008, plaintiff filed the nearly 200-page complaint in this case, and the clerks office for this court subsequently characterized the case as a social security *appeal*. Plaintiff also filed a request to proceed *in forma pauperis*. On November 12, 2008, the court issued an order noting that plaintiff's complaint was incomprehensible, and that it appeared to the court that this case may have been improperly characterized as an *appeal*. The court explained the nature of a social security appeal to plaintiff, and advised him that the standards for evaluating his application to proceed in forma pauperis differ depending on whether plaintiff is appealing a decision of an ALJ or is filing a civil complaint alleging certain claims in the first instance. The court then ordered plaintiff to file a written statement clarifying the nature of his complaint, and specifically, stating whether he has already appeared before an ALJ in this matter, and whether he is appealing an ALJ's denial of his

application for social security benefits.

Plaintiff subsequently submitted two "packets" of documents, one on November 17, 2008, and a second on December 1, 2008. Neither of those packets clarify the nature of plaintiff's claims, and are themselves incomprehensible. Because it appears to the court that plaintiff is most likely attempting to sue a public agency for civil rights violations, the court has screened plaintiff's complaint under 28 U.S.C. § 1915.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed *in forma pauperis*, the court may dismiss a case *sua sponte* if the court determines that the party applying for *in forma pauperis* status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. *Id.* at 324. Where a litigant is acting *pro se* and the court finds the litigant's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

It is impossible to discern from plaintiff's complaint the legal theories under which he seeks relief. Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the court hereby dismisses plaintiff's complaint with leave to amend. Plaintiff shall file

1 | an amended complaint no later than **January 12, 2009** that clearly explains the legal
2 | basis for its allegations, or the case will be dismissed with prejudice.
3 | **IT IS SO ORDERED.**

5 | Dated: December 12, 2008

PHYLLIS J. HAMILTON
United States District Judge